In re EAST 222d STREET, FROM BRONX RIVER TO SEVENTH STREET, IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. December 15, 1909.)

1. EMINENT DOMAIN (§ 237*)—REPORT OF COMMISSIONERS—CONFIRMATION.

The report of the minority member of commissioners in proceedings to acquire a street cannot be acted on by the court in proceedings to confirm the report of commissioners, for the only report recognized is the report of the majority of the commissioners.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

2. EMINENT DOMAIN (§ 237*)—HEARING ON REPORT OF COMMISSIONERS—REFERRING TO NEW COMMISSIONERS.

Where the majority report of commissioners in proceedings to acquire land for a street could not stand, because the amount allowed as damages was excessive, demonstrating that the commissioners who signed it followed an erroneous rule of law, or made awards without evidence, the court will refer the matter to new commissioners, and will not permit the minority commissioner to act on the ground that he had expressed an opinion on the merits, though he was not chargeable with any participation in the doings of the majority.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

Proceedings for the acquisition by the City of New York of title to East 222d street, from Bronx River to Seventh street. Heard on report of commissioners. Matter referred to new commissioners, with instructions.

Francis K. Pendleton, for the City of New York.

Fred W. Gahrmann, for defendant.

DOWLING, J. To refuse to confirm the report of commissioners in condemnation proceedings, and to send the matter back to new commissioners for hearing and report, is a course which should be followed only when an imperative need for such action exists. But a careful examination of this record satisfies me, not only that the findings of the majority of the commission cannot be confirmed, but that the interests of justice require that they should not be permitted to again pass on the matters involved herein. The minority member made a separate report, which, of course, cannot be acted on by the court, as the only report recognized is such as the majority of the commission sign. But by it he disassociated himself from the action of the majority, and is not chargeable with any participation in their doings. I do not, however, believe that it would be fair to designate him to serve again, as he has formed and expressed his opinion on the merits, as evidenced by his minority findings.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

With respect to the report of the majority, I do not believe that any part of it can be confirmed. The amounts allowed as damages are so disproportioned to the evidence submitted as to demonstrate either that the commissioners who signed the report followed some erroneous rule, which is not recognized by law, or made awards which are without either evidence or reason to support them. An erroneous method of distributing the assessments was followed. After a preliminary report had been made, the awards in many cases were increased to an extent, not only unsupported by sufficient testimony, but obviously improper. In the interim some of these awards had been sold to third parties, who were to profit by the increase. One of the commissioners had personal knowledge of what the actual cost was of removing or altering the buildings on the parcels taken, and still joined in a report allowing sums far in excess of that, and in part awarding what was supposed to be the entire value of the buildings. Full value seems to have been awarded for buildings erected during the pendency of the proceeding, and of the good faith of which action there is serious doubt. In some cases awards were made in excess of what even the experts for the property owners testified to as the fair value thereof, and no explanation of this action is given. While the further delay which may be occasioned herein is to be regretted, I cannot, in justice to the city or the property owners, either confirm this report or send it back to the same commissioners for action.

Motion to confirm report denied. The entire matter will be referred to new commissioners, with instructions to proceed from day to day, if possible, until the same is disposed of. Settle order on notice.